UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re<br><br>**MONTREAL MAINE & ATLANTIC RAILWAY, LTD.**,<br><br>Debtor. | CHAPTER 11<br>CASE NO. 13-10670-LHK |

**MOTION TO TRANSFER CERTAIN PERSONAL INJURY TORT
AND WRONGFUL DEATH LAWSUITS TO THE MAINE DISTRICT COURT
PURSUANT TO 28 U.S.C. §§ 157(b)(5) AND 1334**

Pursuant to 28 U.S.C. §§ 157(b)(5) and 1334, Western Petroleum Corporation ("WPC") and Petroleum Transport Services, Inc. ("PTS," and together with WPC, the "WFS Entities") file this motion (the "Transfer Motion") for entry of an order transferring to the United States District Court for the District of Maine (the "Maine District Court") the nineteen (19) remaining personal injury tort and wrongful death lawsuits identified on Exhibit "A" to the accompanying memorandum of law (the "U.S. Wrongful Death Actions").[1] While the Transfer Motion is being filed initially in the United States Bankruptcy Court for the District of Maine (the "Bankruptcy Court") because there is no pending case in the Maine District Court, 28 U.S.C. § 157(b)(5) provides that the Maine District Court is vested with the exclusive authority to hear the Transfer Motion, which relates to personal injury and wrongful death claims. In support of the Transfer Motion, the WFS Entities state:

---

[1] World Fuel Services Corp ("WFSC") was also named in the U.S. Wrongful Death Actions but has not been properly served. The plaintiffs originally filed twenty (20) U.S. Wrongful Death Actions. The Plaintiffs dismissed this first filed complaint on Sunday, September 9, 2013, seemingly as part of an effort to situate these cases in the Circuit Court of Cook County, Illinois, a jurisdiction with no material connection to this litigation.

1.     The U.S. Wrongful Death Actions assert claims for damages for personal injuries and wrongful death arising out of the tragic derailment of Train 282 operated by Montreal, Maine & Atlantic Railway, Ltd. ("MMA," or the "Debtor") in Lac-Mégantic, Quebec, Canada on July 6, 2013 (the "Derailment").  Each of the decedents and each of the Plaintiffs in the U.S. Wrongful Death Actions (the "Plaintiffs") is a Canadian citizen or resident.

2.     The Plaintiffs filed the U.S. Wrongful Death Actions in the Circuit Court for Cook County, Illinois (the "Illinois State Court").  On August 7, 2013 (the "Petition Date"), MMA commenced a chapter 11 case (the "Chapter 11 Case") in the Bankruptcy Court.[2]  On August 21, 2013, the United States Trustee appointed Robert J. Keach, Esq. to serve as the chapter 11 trustee (the "Trustee") of MMA.

3.     The WFS Entities removed the U.S. Wrongful Death Actions to the United States District Court for the Northern District of Illinois pursuant to, among other things, Bankruptcy Rule 9027, because the U.S. Wrongful Death Actions are related to the Chapter 11 Case.  The grounds for removal also included diversity jurisdiction, because the sole reason there is not complete diversity is the Plaintiffs' fraudulent joinder of certain defendants.

4.     The WFS Entities, WFSC, MMA, and others were originally named defendants in thirteen (13) of the U.S. Wrongful Death Actions, which were filed prior to the Petition Date.  MMA was not named in the seven (7) U.S. Wrongful Death Actions that were filed after the Petition Date.  The automatic stay imposed by section 362(a) of the Bankruptcy Code prohibited

---

[2] On August 7, 2013, Montreal Maine & Atlantic Canada Co. ("MMA Canada"), a wholly-owned subsidiary of MMA, also commenced a proceeding in the Superior Court (Commercial Division) of the Superior Court of the Province of Quebec, District of Montreal (the "Quebec Court"), pursuant to the Canadian Companies' Creditors Arrangement Act (the "CCAA") (In the Matter of the Plan of Compromise or Arrangement Relating of: Montreal, Maine & Atlantic Canada Co. (Debtor / Respondent), Case No. 500-11-045094-139 (Superior Court, Quebec, Dist. of Montreal)) (the "CCAA Case").

2

the commencement of lawsuits against MMA once it was under bankruptcy protection.[3] After the U.S. Wrongful Death Actions were removed to the Illinois District Court, the Plaintiffs dismissed their claims against MMA. This is irrelevant, however, because most or all of the named defendants hold claims against MMA for indemnification and contribution for any liability that they may have as the result of the Derailment, and will be subrogated to the rights of the Plaintiffs if the named defendants are found to be jointly liable with MMA.

5. Prior to dismissing MMA from the U.S. Wrongful Death Actions, the Plaintiffs had asserted that claims arising from the Derailment, including the claims alleged in the U.S. Wrongful Death Actions and both direct and derivative claims against MMA by the defendants named in the U.S. Wrongful Death Actions, represent the vast majority of claims against MMA's chapter 11 estate.

6. Section 157(b)(5) of title 28 of the United State Code provides that the U.S. Wrongful Death Actions "shall" be transferred to this District or the district in which the claim arose. The claims arguably arose in Quebec and there is no United States district court in Quebec. The Maine District Court is, therefore, the only available forum in the United States under subsection 157(b)(5). The Bankruptcy Court and the Quebec Court have adopted cross border protocols to coordinate the Chapter 11 Case with the CCAA Case. At this early stage in the litigation of personal injury and wrongful death claims, the Maine District Court can centralize the U.S. Wrongful Death Actions here without deciding whether they should ultimately be tried in the district where the Chapter 11 Case is pending (here) or in the Quebec Court.

---

[3] In addition to the U.S. Wrongful Death Actions, there is a putative class action arising from the Derailment pending in the Quebec Court.

3

7.      The WFS Entities have filed this Transfer Motion in this Court in accordance with 28 U.S.C. §§ 157(b)(5).  The Trustee has informed the WFS Entities that he also intends to seek transfer of the U.S. Wrongful Death Actions to this Court under subsection 157(b)(5).

**WHEREFORE**, the WFS Entities request that the Court enter an Order: (a) granting the Transfer Motion; (b) transferring all of the U.S. Wrongful Death Actions to the Maine District Court; and (c) granting such other further relief as may be appropriate.

Respectfully submitted,

**WESTERN PETROLEUM CORPORATION and PETROLEUM TRANSPORT SERVICES, INC.**

By their attorney:

Dated: September 11, 2013

/s/ Jay S. Geller
Jay S. Geller, Esq.
LAW OFFICE OF JAY S. GELLER
One Monument Way, Suite 200
Portland, Maine 04101
Telephone: (207) 899-1477
Facsimile: (207) 773-8832
E-mail: jgeller@maine.rr.com