UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| | ) | |
| | ) | |
| IN RE: MONTREAL MAINE AND ATLANTIC RAILWAY, LTD., | ) ) ) | Civil no. 1:13-MC-00184-NT |
| Debtor | ) ) | |

**ORDER**

Before the Court is a motion to stay proceedings (ECF No. 8) filed by representatives of the estates of victims (the "**Wrongful Death Claimants**") of an explosion in Lac-Mégantic, Quebec from the derailment of a train operated by Montreal Maine & Atlantic Railway, Ltd. (the "**Debtor**"). For the reasons that follow, the Court reserves ruling on the motion to stay, and orders the Wrongful Death Claimants to file their response, if any, to the motion to transfer (ECF No. 1) within two weeks from the date of this order.

The Debtor filed a voluntary petition for bankruptcy under Chapter 11 of the bankruptcy code on August 7, 2013 in the United States Bankruptcy Court for the District of Maine, docket number 13-10670.[1] On August 21, 2013, the United States Trustee appointed a Chapter 11 trustee, (the "**Trustee**"), to serve in the case pursuant to section 1163 of the bankruptcy code. 11 U.S.C. § 1163. On September 13, 2013, the Trustee opened a miscellaneous matter in this Court with the filing of a motion to transfer to this Court the Wrongful Death Claimants' personal injury

---

[1] United States district courts have original jurisdiction of all cases arising under the Bankruptcy Code. *See* 28 U.S.C. § 1334. The United States District Court for the District of Maine refers all bankruptcy cases to the United States Bankruptcy Court for the District of Maine. *See* 28 U.S.C. § 157(a) and D. Me. R. 83.6(a).

cases currently pending in Illinois. The Wrongful Death Claimants' response to this motion was due on October 11, 2013, but on this date the Wrongful Death Claimants filed the instant motion to stay rather than any opposition to the underlying motion to transfer.

This Court "enjoys inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *City Of Bangor v. Citizens Commc'ns Co.,* 532 F.3d 70, 99 (1st Cir. 2008) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). This includes the power to stay a case. *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 879 (1st Cir. 1977). The Court is unprepared to weigh the competing interests at issue without the benefit of the Wrongful Death Claimants' response to the underling motion to transfer. It therefore reserves ruling on the Wrongful Death Claimants' motion to stay, which it will review upon completion of the briefing on the Trustee's motion to stay. The Wrongful Death Claimants are hereby **ORDERED** to file their response, if any, to the Trustee's motion to stay no later than **Monday, November 18, 2013**.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 4th day of November, 2013.