UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

```
-----------------------------------------------------------------x
                                                                 :
In re                                                            :
                                                                 :
MONTREAL, MAINE & ATLANTIC                                       :
RAILWAY, LTD.                                                    :    Case No. 1:13-MC-00184-NT
                                                                 :
            Debtor.                                              :
                                                                 :
-----------------------------------------------------------------x
```

**CIT GROUP INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF THE
<u>MOTIONS TO TRANSFER PURSUANT TO 28 U.S.C. §§ 157(b)(5) AND 1334</u>**

The Wrongful Death Claimants' Response to the Motions to Transfer the Illinois Actions Pursuant to 28 U.S.C. § 157(b)(5) [D.I. 43] ("Plaintiffs' Response") distorts controlling case law, makes premature assumptions about the value of the estate of Montreal Maine & Atlantic Railway, Ltd. ("MMA" or "the Debtor"), and exposes Plaintiffs' blatant forum shopping. The 18 wrongful death lawsuits currently pending in the Northern District of Illinois (the "Wrongful Death Cases") are "related to" MMA's bankruptcy case and should be transferred to this Court consistent with the underlying purposes and explicit language of 28 U.S.C. § 157(b)(5).

<u>**ARGUMENT**</u>

Plaintiffs' efforts to deny that contractual indemnification rights and shared insurance establish "related to" jurisdiction are unavailing, as: (1) controlling case law clearly dictates otherwise; (2) CIT can establish that contractual indemnification rights and shared insurance do exist here; and (3) speculation as to the value of the Debtor's estate is inappropriate. Additionally, Plaintiffs' Response reveals an unabashed effort to forum shop, with no consideration of the forum's choice of law analysis. This transparently self-serving and legally incorrect argument should not be allowed to defeat a clear Congressional intent to transfer and

centralize cases just like these. Not only is such a transfer explicitly contemplated by 157(b)(5), but it would not, as Plaintiffs allege, operate to "seize control of the Illinois Actions from the Illinois Northern District [Court]," which has openly sanctioned such a process by deferring ruling on the pending remand motions until this Court has the opportunity to decide the Motions to Transfer. *See* Notice of Minute Entry, dated November 20, 2013, attached as Exhibit A to the Affidavit of Diane P. Sullivan.

I. **"Related to" Jurisdiction Exists Because CIT Has a Contractual Right to Indemnification from the Debtor and Shares Insurance with the Debtor.**

Courts have consistently and uniformly held that a contractual right to indemnification gives rise to "related to" jurisdiction. *See, e.g.*, *Philippe v. Shape, Inc.*, 103 B.R. 355, 358 (D. Me. 1989) (finding "related to" jurisdiction where nondebtor defendants had a right to indemnification, contained in the debtor's bylaws, that was not subject to any conditions precedent); *see also NYCERS v. Ebbers (In re WorldCom, Inc. Secs. Litig.)*, 293 B.R. 308, 321 (S.D.N.Y. 2003) (holding that contractual rights to indemnification give rise to "related to" jurisdiction). CIT, like other Defendants, has a contractual right to indemnification from MMA. *See* "Master Net Locomotive Lease" and accompanying "Schedule No. 1," dated March 18, 2013, attached as Exhibit B to the Affidavit of Diane P. Sullivan, at 12-13.

In the face of this critical fact, Plaintiffs' Response employs a distorted reading of *Pacor, Inc. v. Higgins* to arrive at the conclusion that contractual rights of indemnity cannot give rise to "related to" jurisdiction. *See* Plaintiffs' Response at 11. However, the Third Circuit's finding that "related to" jurisdiction did not exist in *Pacor* was based, in part, on the fact that the nondebtor defendant was neither a ***"contractual guarantor"*** nor a party to an agreement where the debtor ***"agreed to indemnify"*** the nondebtor. *Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3d Cir. 1984) (emphasis added). Plainly, as recognized by the Fourth Circuit, contractual rights of

2

indemnification – like those held by CIT and other Defendants here – would have established "related to" jurisdiction under the circumstances set forth in *Pacor*. *See A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1000 (4th Cir. 1986) (the "clear implication of the [*Pacor*] decision is that, if there had been a contract to indemnify, a contrary result would have been in order"). Plaintiffs' attempt to argue otherwise is unsupported by the case law.

Plaintiffs' attempt to deny that "related to" jurisdiction exists where a nondebtor and debtor are named insureds under the same insurance policy fares no better. *See* Plaintiffs' Response at 16. Recognizing that courts have repeatedly held that actions against a nondebtor are "related to" a bankruptcy case where the nondebtor shares in the debtor's insurance coverage, *see, e.g.*, *A.H. Robins Co., Inc.*, 788 F.2d at 1008 (finding "related to" jurisdiction where debtor and non-debtor defendants shared insurance, as such claims would reduce the insurance funds available to debtor's estate), Plaintiffs' sole argument in response is that the record does not currently contain evidence of CIT and other Defendants' shared insurance with MMA. *See* Plaintiffs' Response at 16. As such, CIT attaches MMA's Certificate of Insurance, as evidence of this fact, which alone establishes "related to" jurisdiction. *See* MMA's "Certificate of Insurance," dated April 2, 2013, attached as Exhibit C to the Affidavit of Diane P. Sullivan. In addition, as set forth more fully in CIT's joinder to the Motions to Transfer, contractual indemnification rights and shared insurance are only two of several key factors that establish such jurisdiction here.

**II.     The Value of the Debtor's Estate Has Not Yet Been Determined.**

Plaintiffs' conclusory assertion that the Debtor's estate "is clearly unable to pay in full its secured and priority creditors" is woefully premature, as the bankruptcy case is at its early stages, and neither the value available for distribution to creditors nor the amount of Plaintiffs'

claims against the estate has been determined. *See* Plaintiffs' Response at 3, 13-14. In an effort to defeat "related to" jurisdiction, Plaintiffs rely on cases with facts inapposite to those before this Court. *See, e.g., In re Around Town Transp. Products, LLC*, No. 08-11554-WHD, 2009 WL 6498521, at *3 (Bankr. N.D. Ga. Dec. 23, 2009) (where the precise amount of assets available for distribution had been determined); *In re Fry*, No. 96 B 28444, 1997 WL 666152, at *5 (Bankr. N.D. Ill. Oct. 28, 1997) (where the Trustee had filed a "no-asset report"). Unlike the cases cited by Plaintiffs, here, MMA's bankruptcy case has only just begun and the Trustee is actively engaged in efforts to maximize the value of the estate, including selling the railroad. Plaintiffs offer no support for their contention that "related to" jurisdiction is dependent upon the *projected* amount of money in the debtor's estate. *See, e.g.*, *Teamsters Pension Trust Fund of Phila. & Vicinity v. Malone Realty Co. (In re Malone)*, 74 B.R. 315, 319 (Bankr. E.D. Pa. 1987) (emphasizing that unlike cases where "this question of 'relatedness' arises early in the case, when the extent of the expected distribution to creditors may still be unsettled," in the "*narrow circumstances*" where the assets are "fully liquidated and *there is a certainty that the estate assets will not be sufficient to pay any claims*," it is appropriate to conclude that there is no "related to" jurisdiction) (emphasis added). Any speculation about the value of the Debtor's estate is inappropriate and irrelevant to the "related to" jurisdiction analysis.

### III. Plaintiffs' Forum Shopping Cannot Defeat "Related to" Jurisdiction.

Finally, Plaintiffs' motive for filing their claims in Illinois is far from obscure. Rather, as clearly articulated in Plaintiffs' Response, they seek to avail themselves of Illinois' unlimited recovery in wrongful death actions. *See* Plaintiffs' Response at 3. They boldly argue that their choice of forum should suffice to defeat "related to" jurisdiction. Their argument, in addition to being incorrect as a matter of law, assumes the law of the forum will apply without considering

4

the choice of law analysis the forum must undertake.  In short, while strenuously attempting to deny the existence of "related to" jurisdiction and proceed with their claims in Illinois, Plaintiffs ignore a critical choice of law analysis that will determine what law applies, regardless of where the Wrongful Death Cases are ultimately venued.

## CONCLUSION

"Related to" jurisdiction exists here, where CIT, like other Defendants, shares insurance with and has contractual rights to indemnity from MMA.  Neither sheer speculation about the future value of the Debtor's estate, nor Plaintiffs' ill-conceived attempts to avail themselves of Illinois substantive law should operate to defeat the underlying purposes and explicit language of 28 U.S.C. § 157(b)(5).  Rather, the Wrongful Death Cases should be transferred to this Court to be centrally administered in Maine with MMA's bankruptcy case.

Dated:  December 2, 2013                            Respectfully Submitted,

/s/ Edward S. MacColl
Edward S. MacColl
THOMPSON, BULL, FUREY, BASS & MACCOLL
120 Exchange Street
P.O. Box 447
Portland, ME 04112
Phone:  (207) 774 7600
Facsimile: (207) 772 1039
Email: emaccoll@thomport.com

*and*

Diane Sullivan
WEIL GOTSHAL &MANGES LLP
301 Carnegie Center
Suite 303
Princeton, NJ 08540-6589
Phone: (609) 986 1100
Facsimile: (609) 986 1199
Email: diane.sullivan@weil.com

*Attorneys for*
CIT Group Inc.

5

**CERTIFICATE OF SERVICE**

I, Edward S. MacColl, of Thompson, Bull, Furey, Bass & MacColl, hereby certify that on December 2, 2013, I electronically filed CIT's Reply Memorandum in Further Support of the Motions to Transfer Pursuant to 28 U.S.C. §§ 157(b)(5) and 1334, as well as the Affidavit of Diane P. Sullivan in support of the same, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys/parties of record who have registered as CM/ECF participants.

Dated: December 2, 2013

/s/ Edward. S. MacColl
Edward S. MacColl
THOMPSON, BULL, FUREY, BASS & MACCOLL
120 Exchange Street
P.O. Box 447
Portland, ME 04112
Phone: (207) 774 7600
Facsimile: (207) 772 1039
Email: emaccoll@thomport.com