**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | | |
|---|---|---|
| SANDY BEDARD, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF MICHAEL GUERTIN, JR., DECEASED,<br><br>           Plaintiffs,<br><br>     vs.<br><br>MONTREAL, MAINE AND ATLANTIC RAILWAY, INC.; RAIL WORLD, INC.; EDWARD BURKHARDT, INDIVIDUALLY; WORLD FUEL SERVICES CORPORATION; WESTERN PETROLEUM COMPANY; PETROLEUM TRANSPORT SOLUTIONS, LLC; DAKOTA PLAINS TRANSLOADING, LLC; DAKOTA PETROLEUM TRANSPORT SOLUTIONS, LLC.; DAKOTA PLAINS MARKETING, LLC.; DPTS MARKETING, LLC,<br><br>           Defendants. | | Chapter 11<br><br>Case No. 1:13-MC-00184<br><br>(Transferred from N.D. Illinois Case No. 1:13-cv-06193 - Hon. Elaine E. Bucklo) |

**DEFENDANT PETROLEUM TRANSPORT SOLUTIONS' ANSWER AND**
**AFFIRMATIVE DEFENSES TO SANDY BEDARD'S COMPLAINT AT LAW**

Pursuant to Federal Rule of Civil Procedure 8, Defendant  Petroleum Transport

Solutions ("PTS") answers Plaintiff's Complaint and sets forth its affirmative defenses as

follows:

**Introduction: the 'Disaster'[1]**

PTS lacks knowledge and information sufficient to truthfully admit or deny the

allegations of this introductory paragraph, and therefore denies same.

---

[1]     For ease of reference, PTS has included the Complaint's headings in this Answer.  PTS does not adopt such
headings and herby denies any allegation that might be implied by such headings.

## The Parties

1.      PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 1, and therefore denies same.

2.      PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 2, and therefore denies same.

3.      PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 3, and therefore denies same.

4.      PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 4, and therefore denies same.

5.      PTS admits only that World Fuel Services Corporation  is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in the State of Florida.

6.      PTS admits only that Western Petroleum Company (WPC) is a corporation organized and existing under the laws of the State of Minnesota.

7.      PTS admits only that it is a corporation organized and existing under the the laws of the State of Minnesota and that the only member of PTS is WPC.

8.      PTS admits only that Dakota Plains Transloading LLC is a limited liability corporation organized and existing under the laws of the State of Minnesota, that the only member of the Dakota Plains Transloading, LLC is Dakota Plains Holdings, Inc, and that Dakota Plains Holdings, Inc. is incorporated in Nevada.

9.      PTS admits only that Dakota Petroleum Transport Solutions, LLC is a limited liability corporation organized and existing under the laws of the State of Minnesota and that the

only members of Dakota Petroleum Transport Solutions, LLC are its owners, Dakota Plains Transloading, LLC and PTS.

10.     PTS admits only that Dakota Plains Marketing, LLC is a limited liability corporation organized and existing under the laws of the State of Minnesota, that only member of Dakota Plains Marketing, LLC is Dakota Plains Holdings, Inc., and that Dakota Plains Holdings, Inc. is incorporated in Nevada.

11.     PTS admits only that DPTS Marketing, LLC is a limited liability corporation organized and existing under the laws of the State of Minnesota and that the only members of DPTS Marketing, LLC are Dakota Plains Marketing, LLC and PTS.

## Allegations Common to All Counts

12.     PTS admits that domestic oil production has increased in recent years.  PTS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies those allegations.

13.     PTS admits that it transports some portion of its crude oil by rail.  PTS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and therefore denies those allegations.

14.     PTS admits that it transports at least some of its crude oil in DOT-111 tanker cars, consistent with applicable regulations.  PTS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies those allegations.

15.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 15, and therefore denies same.

16.     PTS states rail transport is highly regulated and the government specifically authorized the use of DOT-111 tankers for the transport of crude oil.  PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 16, and therefore denies same.

17.     PTS states rail transport is highly regulated and the government specifically authorized the use of DOT-111 tankers for the transport of crude oil.  PTS denies the allegations in paragraph 17 as applied to PTS.  PTS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies those allegations.

18.     PTS states rail transport is highly regulated and the government specifically authorized the use of DOT-111 tankers for the transport of crude oil.  PTS denies the allegations in paragraph 18 as applied to PTS.  PTS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies those allegations.

19.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 19, and therefore denies same.

20.     PTS states rail transport is highly regulated and the government specifically authorized the use of DOT-111 tankers for the transport of crude oil.  PTS denies the allegations in paragraph 20 as applied to PTS.  PTS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies those allegations.

21.     PTS denies the allegations in paragraph 21 as applied to PTS.  PTS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore denies those allegations.

22.     PTS admits that plaintiff purports to quote selected excerpts from statements made by NTSB; PTS refers to the transcript of that statement for its contents and denies any characterization thereof.  PTS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies those allegations.

23.     PTS admits Canadian Pacific Railway obtained railcars from New Town, North Dakota.  PTS denies that Canadian Pacific Railway obtained seventy-two railcars on July 4, 2013 from New Town.  PTS lacks knowledge and information sufficient to truthfully admit or deny the remaining allegations of paragraph 23, and therefore denies same.

24.     PTS denies that Canadian Pacific Railway obtained seventy-two railcars from New Town, North Dakota.  PTS lacks knowledge and information sufficient to truthfully admit or deny the remaining allegations of paragraph 24, and therefore denies same.

25.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 25, and therefore denies same.

26.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 26, and therefore denies same.

27.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 27, and therefore denies same.

28.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 28, and therefore denies same.

29.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 29, and therefore denies same.

30.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 30, and therefore denies same.

31.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 31, and therefore denies same.

32.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 32, and therefore denies same.

33.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 33, and therefore denies same.

34.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 34, and therefore denies same.

35.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 35, and therefore denies same.

36.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 36, and therefore denies same.

37.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 37, and therefore denies same.

38.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 38, and therefore denies same.

39.     PTS admits that there was a fire in Lac-Megantic.  PTS lacks knowledge and information sufficient to truthfully admit or deny the remaining allegations of paragraph 39, and therefore denies same.

40.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 40, and therefore denies same.

41.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 41, and therefore denies same.

## Count I - Wrongful Death-Negligence

### (MONTREAL, MAINE AND ATLANTIC RAILWAY, INC.)

42.     Count I is not alleged against PTS.  Nonetheless, PTS repeats and realleges each and every response contained in paragraphs 1 through 41, inclusive, contained therein and incorporates same paragraphs by reference.

43.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 43, and therefore denies same.

44.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 44, and therefore denies same.

45.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 45, and therefore denies same.

46.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 46, and therefore denies same.

47.     PTS admits that Plaintiff purports to seek damages pursuant to the Wrongful Death Act but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

48.     PTS admits that Plaintiff purports to seek damages in excess of $50,000.00, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.  PTS also does not concede, and

affirmatively disputes, the appropriateness of the case proceeding in the Law Division of the Circuit Court of Cook County, Illinois.

**WHEREFORE**, PTS respectfully requests that the Court dismiss Plaintiff's claims against PTS with prejudice.  PTS denies the allegations of this paragraph to the extent they are directed at PTS.  PTS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

<u>**Count II - Wrongful Death-Negligence**</u>

**(RAIL WORLD, INC)**

49.      Count II is not alleged against PTS.  Nonetheless, PTS repeats and realleges each and every response contained in paragraphs 1 through 48, inclusive, contained therein and incorporates same paragraphs by reference.

50.      PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 50, and therefore denies same.

51.      PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 51, and therefore denies same.

52.      PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 52, and therefore denies same.

53.      PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 53, and therefore denies same.

54.      PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 54, and therefore denies same.

55.      PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 55, and therefore denies same.

56.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 56, and therefore denies same.

57.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 57, and therefore denies same.

58.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 58, and therefore denies same.

59.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 59, and therefore denies same.

60.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 60, and therefore denies same.

61.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 61, and therefore denies same.

62.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 62, and therefore denies same.

63.     PTS admits that plaintiff purports to quote selected excerpts from statements made by NTSB; PTS refers to the transcript of that statement for its contents and denies any characterization thereof.  PTS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 and therefore denies those allegations.

64.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 64, and therefore denies same.

65.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 65, and therefore denies same.

66.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 66, and therefore denies same.

67.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 67, and therefore denies same.

68.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 68, and therefore denies same.

69.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 69, and therefore denies same.

70.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 70, and therefore denies same.

71.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 71, and therefore denies same.

72.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 72, and therefore denies same.

73.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 73, and therefore denies same.

74.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 74, and therefore denies same.

75.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 75, and therefore denies same.

76.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 76, and therefore denies same.

77.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 77, and therefore denies same.

78.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 78, and therefore denies same.

79.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 79, and therefore denies same.

80.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 80, and therefore denies same.

81.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 81, and therefore denies same.

82.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 82, and therefore denies same.

83.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 83, and therefore denies same.

84.     PTS admits that Plaintiff purports to seek damages pursuant to the Wrongful Death Act but lacks knowledge or information sufficient to truthfully admit or deny the remaining allegations of this paragraph, and therefore denies same.

85.     PTS admits that Plaintiff purports to seek damages in excess of $50,000.00, but lacks knowledge or information sufficient to truthfully admit or deny the remaining allegations of this paragraph, and therefore denies same.  PTS also does not concede, and affirmatively disputes, the appropriateness of the case proceeding in the Law Division of the Circuit Court of Cook County, Illinois.

**WHEREFORE**, PTS respectfully requests that the Court dismiss Plaintiff's claims against PTS with prejudice.  PTS denies the allegations of this paragraph to the extent they are directed at PTS.  PTS lacks knowledge or information sufficient to truthfully admit or deny the remaining allegations of this paragraph, and therefore denies same.

<u>**Count III - Wrongful Death-Negligence**</u>

**(EDWARD BURKHARDT)**

86.     Count II is not alleged against PTS.  Nonetheless, PTS repeats and realleges each and every response contained in paragraphs 1 through 85, inclusive, contained therein and incorporates same paragraphs by reference.

87.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 87, and therefore denies same.

88.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 88, and therefore denies same.

89.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 89, and therefore denies same.

90.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 90, and therefore denies same.

91.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 91, and therefore denies same.

92.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 92, and therefore denies same.

93.     PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 93, and therefore denies same.

94.     PTS admits that Plaintiff purports to seek damages pursuant to the Wrongful Death Act but lacks knowledge or information sufficient to truthfully admit or deny the remaining allegations of this paragraph, and therefore denies same.

95.     PTS admits that Plaintiff purports to seek damages in excess of $50,000.00,  but lacks knowledge or information sufficient to truthfully admit or deny the remaining allegations of this paragraph, and therefore denies same.  PTS also does not concede, and affirmatively disputes, the appropriateness of the case proceeding in the Law Division of the Circuit Court of Cook County, Illinois.

**WHEREFORE**, PTS respectfully requests that the Court dismiss Plaintiff's claims against PTS with prejudice.  PTS denies the allegations of this paragraph to the extent they are directed at PTS.  PTS lacks knowledge or information sufficient to truthfully admit or deny the remaining allegations of this paragraph, and therefore denies same.

**Count IV - Wrongful Death-Negligence**
**(DAKOTA PLAINS TRANSPORT SOLUTIONS, LLC.**
**DAKOTA PLAINS TRANSLOADING, LLC**
**PETROLEUM TRANSPORT SOLUTIONS**
**WESTERN PETROLEUM COMPANY**
**WORLD FUEL SERVICES CORPORATION**
**DAKOTA MARKETING, LLC**
**DPTS MARKETING, LLC)**

96.     PTS repeats and realleges each and every response contained in paragraphs 1 through 95, inclusive, contained therein and incorporates same paragraphs by reference.

97.     PTS admits DakotaTransloading and PetroleumTransport entered into a Member Control Agreement and refers to that agreement for its terms.  PTS denies any characterization of the agreement and denies the remaining allegations of paragraph 97.

98.    PTS admits DakotaTransloading and PetroleumTransport entered into a Member Control Agreement and refers to that agreement for its terms.  PTS denies any characterization of the agreement.

99.    PTS admits DakotaTransloading and PetroleumTransport entered into a Member Control Agreement and refers to that agreement for its terms.  PTS denies any characterization of the agreement and denies the remaining allegations of paragraph 99.

100.    PTS admits the allegations of Paragraph 100.

101.    PTS denies the allegations of Paragraph 101.

102.    PTS admits the allegations of Paragraph 102.

103.    PTS denies the allegations of Paragraph 103.

104.    PTS refers to the agreement referenced for its terms and denies any characterization thereof.  PTS admits that PetroleumTransport and DakotaMarketing each own a 50% interest in DPTS .  PTS denies the remaining allegations of Paragraph 104.

105.    PTS refers to the agreement referenced for its terms and denies any characterization thereof.  PTS denies the remaining allegations of Paragraph 105.

106.    PTS admits that "marketing" may be used to refer to the purchasing and arranging for the delivery of crude oil.  PTS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

107.    Paragraph 107 contains legal conclusions to which PTS does not believe a response is due.  To the extent a response is due, PTS denies that Plaintiff has stated a claim against PTS or is entitled to any relief from PTS.

108.    PTS denies the allegations of Paragraph 108.

109.    PTS denies the allegations of Paragraph 109.

110.    PTS lacks knowledge and information sufficient to truthfully admit or deny the allegations of paragraph 110, and therefore denies same.

111.    PTS admits that Plaintiff purports to seek damages pursuant to the Wrongful Death Act but denies that Plaintiff has stated a claim under the Wrongful Death Act against PTS or is entitled to any relief from PTS.

112.    PTS admits that Plaintiff purports to seek damages in excess of $50,000.00, but denies that Plaintiff has a stated a claim against PTS or is entitled to any relief from PTS.  PTS also does not concede, and affirmatively disputes, the appropriateness of the case proceeding in the Law Division of the Circuit Court of Cook County, Illinois.

**WHEREFORE**, PTS respectfully requests that the Court dismiss Plaintiff's claims against PTS with prejudice.  PTS denies the allegations of this paragraph.

## <u>GENERAL DENIAL</u>

PTS denies each and every allegation contained in the Complaint except as expressly admitted and qualified above.  PTS further denies that Plaintiff has suffered any injury proximately caused by PTS's alleged conduct.

## <u>AFFIRMATIVE DEFENSES</u>

Pending further investigation and discovery, PTS alleges the following affirmative defenses to Plaintiff's Complaint, without assuming the burden of proof where such burden is otherwise placed on Plaintiff pursuant to applicable law.  PTS's investigation continues, and PTS reserves its right to amend or supplement its answer to add any additional affirmative defenses or other defenses as additional information is obtained.

## FIRST DEFENSE

PTS states that there was no negligence or fault on its part and that Plaintiff's damages and injuries, if any, were caused by the fault, carelessness, misconduct, negligence, and/or want of due care of other individuals, entities, or carriers for whom PTS is not legally responsible.

## SECOND DEFENSE

Plaintiff's damages or injuries, if any, were the result of an unforeseeable occurrence and/or accident for which PTS cannot be held legally responsible.

## THIRD DEFENSE

If there is any actionable liability of PTS, which liability it specifically denies, such liability should be compared to the fault of the other parties and actors involved in the matters alleged in Plaintiff's Complaint. PTS alleges that any award made to any Plaintiff in this action must be proportionately allocated among the Defendants, parties or actors found to be culpable in accordance with the percentage of any negligence or fault attributable to each of said Defendants, parties and actors. PTS further alleges that any party or actor found to be negligent or at fault with respect to Plaintiff's alleged claims must be required to satisfy any such claims only in accordance with its proportional share of negligence or fault to be determined in this action.

## FOURTH DEFENSE

Plaintiff's alleged injuries were proximately caused by the superseding and intervening acts of third parties other than PTS and over which PTS had no material control and for which PTS is not liable under the law.

## FIFTH DEFENSE

16

Plaintiff's alleged injuries were directly and proximately caused and contributed to by the acts, omissions, and/or negligence of persons other than PTS, whether individual, corporate, associate, or otherwise, over whom PTS had no control or authority.

### SIXTH DEFENSE

To the extent that PTS is found liable to Plaintiff for any damages, PTS is entitled to contribution from other parties and/or entities.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled under law to the damages that he seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

### EIGHTH DEFENSE

Any alleged negligence by PTS, which PTS specifically denies, was not the proximate cause or sole proximate cause of Plaintiff's alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

### NINTH DEFENSE

PTS is entitled to a settlement credit in the event that Plaintiff settles any claim regardless of whether the settling person or entity is a named party in this cause of action.

### TENTH DEFENSE

Plaintiff's claims are barred in whole or in part for failure to join an indispensable party.

### ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because their damages were caused by superseding or intervening causes.

### TWELFTH DEFENSE

The damages to which Plaintiff is entitled, if any, must be reduced by the amount, to be determined by the court or at trial, of Plaintiff's liability to Defendants arising from acts or omissions by Plaintiff during the events that are the subject of Plaintiff's Complaint, including all damages, costs, expenses, and reimbursements that Defendants have incurred as a result of dealings with Plaintiff.

## THIRTEENTH DEFENSE

PTS denies, to the extent the actions alleged in the Complaint may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of PTS, or at the instruction or subject to the control of PTS with regard to any of the actions described in the Complaint; thus, PTS is not liable for any acts or omissions of such third parties as a matter of law.

## FOURTEENTH DEFENSE

Any claims for damages under state law which Plaintiff may seek to assert for alleged unsafe condition of a rail tank car or unsafe transport by rail are preempted by federal law, including, but not limited to, the Hazardous Materials Transportation Law, 49 U.S.C. § 5105, et seq. ("Hazmat"), the Federal Railroad Safety Act, 49 U.S.C. § 20101, et seq. ("FRSA"), and USDOT regulations promulgated thereunder.

## FIFTEENTH DEFENSE

Plaintiff's claims and/or causes of action are barred, in whole or in part, because the subject train and all of its components were designed and manufactured in conformity with specifications provided or approved by the United States Government.

## SIXTEENTH DEFENSE

18

To the extent that the Complaint seeks punitive damages, PTS specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards which arose in, or arise from, the decisions of *BMW of No. America v. Gore*, 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S.Ct. 1678 (2001), *State Farm Mut. Auto Ins. Co., v. Campbell,* 538 U.S. 438 (2003), and their progeny.

## SEVENTEENTH DEFENSE

PTS did not participate in, authorize, ratify or benefit from the alleged wrongful acts asserted in the Complaint.

## EIGHTEENTH DEFENSE

PTS was not the owner or operator of the locomotive, and was not responsible for the safe and proper operation of the locomotive or for the hiring and training of crew. The actions and inactions of other parties was the sole proximate cause of the accident.

## NINETEENTH DEFENSE

Plaintiff's causes of action are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.  The alleged claims or causes of action attempted to be asserted against PTS are barred by the applicable statutes of limitations and statutes of repose.

## TWENTIETH DEFENSE

Plaintiff's Complaint is premature in that it was filed and served before the investigation into the cause of the accident was complete. PTS therefore reserves the right to add those affirmative defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery.  PTS further reserves the right to assert any additional affirmative

defenses asserted by another defendant and/or allowed by the law of the jurisdiction found to apply in this case.

## TWENTY-FIRST DEFENSE

Plaintiff's alleged injuries were caused or contributed to, directly and proximately, by the misuse, abuse, alteration, unauthorized use, unintended use, and or failure to properly utilize, maintain, or care for the products that Plaintiff alleges were manufactured and/or distributed by PTS, without negligence, strict tort liability, lack of care or any other breach of duty on the part of PTS, and for which PTS is not liable.

## TWENTY-SECOND DEFENSE

The events culminating in the injuries and damage to Plaintiff were not the result of any negligence, fault, or want of due care on the part of PTS. Furthermore, Plaintiff has the burden of proof on this issue, and Plaintiff cannot meet this burden.

## TWENTY-THIRD DEFENSE

Plaintiff's claims may be barred, in whole or in part, by public policy.

## TWENTY-FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## TWENTY-FIFTH DEFENSE

The Complaint and each cause of action against PTS contained therein are barred because all conduct and activity of defendant PTS alleged in the Complaint conformed to or exceeded all statutes, government regulations, and industry standards applicable at the time of said conduct and activity, including, but not limited to, federal statutes and federal regulations.

## TWENTY-SIXTH DEFENSE

Plaintiff is not entitled to the costs of litigation.

**TWENTY-SEVENTH DEFENSE**

PTS was not an "offeror" as that term is used in the Hazardous Materials Regulations, 49 C.F.R. § 172, et seq.

**TWENTY-EIGHTH DEFENSE**

The PTS products identified in the Complaint were fit and safe for their normal and intended use, handling, and storage; any any and all damages, injuries and losses, if any, attributable to the product at issue in this case, which allegations are expressly denied, were solely caused by and attributable to the abnormal, unforeseeable, unintended, unreasonable, and improper handling and storage of said product.

**TWENTY-NINTH DEFENSE**

Venue is not proper in this court, or in the alternative, venue should be transferred to another court under the doctrine of *forum non conveniens*.

**THIRTIETH DEFENSE**

At all times Defendant PTS was a duly-organized corporation with its own articles of incorporation.  Defendant PTS is a separate and distinct legal entity that observed corporate formalities.  Plaintiff has failed to allege any basis to disregard that corporate form.

**THIRTY-FIRST DEFENSE**

Plaintiff is not entitled to the relief sought, because the purported rights invoked, and damages claimed, are not recoverable under applicable law.

**THIRTY-SECOND DEFENSE**

Damages sought by Plaintiff are precluded or limited by applicable statutory or common law.

**THIRTY-THIRD DEFENSE**

If PTS's leased equipment or method of transportation was unsafe, which PTS denies, the Plaintiff's claims are barred because PTS's leased equipment or method of transportation was unavoidably safe.

### THIRTY-FOURTH DEFENSE

To the extent not incorporated above, PTS raises all affirmative defenses available under the laws of the state in which the alleged causes of action arose, as well as any and all other affirmative defenses available under the laws of other states that may apply to part or all of the Complaint.

Dated: March 25, 2014                                        Respectfully submitted,

                                                             /s/ Mark Filip_____
                                                             Mark Filip, P.C.
                                                             Leslie M. Smith, P.C.
                                                             Kirkland & Ellis LLP
                                                             300 N. LaSalle Street
                                                             Chicago, IL 60654
                                                             Telephone: (312) 862-2000
                                                             Facsimile: (312) 862-2200
                                                             mfilip@kirkland.com
                                                             lsmith@kirkland.com

                                                             Peter J. DeTroy
                                                             Norman, Hanson & DeTroy, LLC.
                                                             Two Canal Plaza
                                                             PO Box 4600
                                                             Portland, ME 04112-4600
                                                             Telephone: (207) 774-7000
                                                             Facsimile: (207) 775-0806
                                                             pedetroy@nhdlaw.com

                                                             *Attorneys for Defendants World Fuel Services Corporation, Western Petroleum Company & Petroleum Transport Solutions, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Mark Filip, attorney for World Fuel Services Corporation, Western Petroleum Company and Petroleum Transport Solutions electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF.  All copies of documents required to be served by Fed. R. Civ. P. 5(a) have been so served.

Dated:  March 25, 2014

<u>/s/ Mark Filip</u>

*Attorneys for Defendants World Fuel Services Corporation, Western Petroleum Company & Petroleum Transport Solutions, LLC*

23