UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

In re:

MONTREAL MAINE & ATLANTIC
RAILWAY, LTD.

1:13-mc-00184-NT
1:14-cv-00071-NT
1:14-cv-00113-NT
through and including
1:14-cv-00130-NT

**CONSENT ORDER STAYING PROCEEDINGS
PENDING APPEAL IN 1:13-mc-00184-NT**

This matter having come before the Court on the *Motion for Stay of Proceedings Pending Appeal* [D.E 236] (the "Motion"), filed by Annick Roy (o/b/o Jean-Guy Veilleux) and Marie-Josee Grimard (o/b/o Henriette Latulippe) (together, the "Movants") in case 1:13-mc-00184-NT, seeking the issuance of a stay pending appeal in this case; and due and appropriate notice of the Motion having been given; and the Court having reviewed the Motion and having considered the objections and/or responses to the Motion filed by (i) Robert J. Keach, the trustee of Montreal Maine & Atlantic Railway, Ltd. (the "Trustee") [D.E. 241]; (ii) Rail World, Inc., Rail World Locomotive Leasing, LLC, and Edward A. Burkhardt [D.E. 242]; (iii) Dakota Petroleum Transport Solutions, LLC and DPTS Marketing, LLC [D.E. 243]; and (iv) Western Petroleum Company and Petroleum Transport Solutions [D.E. 244]; and with the express consent of the Movants, the Trustee, and the Official Committee Of Victims appointed in the above-captioned chapter 11 case; the Court hereby **ORDERS**, **ADJUDGES**, and **DECREES** that:

1.    The Motion is granted to the extent and upon the terms set forth herein.

2.    All of the civil actions transferred to this Court pursuant to the Court's *Order on Motions to Transfer Cases and Motion to Strike* [D.E. 100] (the "Section 157(b)(5) Transfer

1

Order"), and all proceedings therein, are hereby stayed.  The civil actions subject to this stay include eighteen civil actions pending in this Court with the following assigned docket numbers:

| | |
|---|---|
| 1:14-cv-00113-NT | 1:14-cv-00122-NT |
| 1:14-cv-00114-NT | 1:14-cv-00123-NT |
| 1:14-cv-00115-NT | 1:14-cv-00124-NT |
| 1:14-cv-00116-NT | 1:14-cv-00125-NT |
| 1:14-cv-00117-NT | 1:14-cv-00126-NT |
| 1:14-cv-00118-NT | 1:14-cv-00127-NT |
| 1:14-cv-00119-NT | 1:14-cv-00128-NT |
| 1:14-cv-00120-NT | 1:14-cv-00129-NT |
| 1:14-cv-00121-NT | 1:14-cv-00130-NT |

By agreement with the plaintiff in Grimard v. Western Petroleum Company (which case was transferred pursuant to the 157(b)(5) Transfer Order, although the physical file has not been transferred by the Clerk of the Circuit Court of Cook County (Illinois)), that case is also subject to the stay contained in this Order.  All nineteen of the civil actions described in this Paragraph 2 are referred to collectively as the "Transferred Actions."

3.      As of the date of this Order, all deadlines applicable to the Transferred Actions, whether imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District Maine or by applicable law, shall be tolled until the stay is terminated pursuant to Paragraph 6 of this Order.  Upon the termination of the stay, the parties to the Transferred Actions shall confer upon an appropriate scheduling order.  For the avoidance of doubt, the stay imposed by the Order is for procedural purposes only and shall not affect the substantive rights of any parties to the Transferred Actions.

4.      Without limiting the foregoing, the stay imposed by this Order:

a.  the Court will not rule on the pending *Motion of Wrongful Death Claims for Mandatory Abstention* [D.E. 227], filed by Movants on or about April 4, 2014; and

      b.   None of the plaintiffs or plaintiffs' counsel in the Transferred Actions may treat any of the Transferred Actions as dismissed and/or file, re-file or recommence any of the wrongful death cases (including new cases) relating to the derailment of one of MMA's trains in Lac-Mégantic, Québec on July 6, 2013 in their current, new, or any altered form against all or any subset of the current defendants in the Transferred Actions.

5.      The stay imposed by this Order does not apply to proceedings or contested matters in the underlying chapter 11 bankruptcy case of Montreal Maine & Atlantic Railway, Ltd. ("MMA") currently pending before the United States Bankruptcy Court for the District of Maine, or any contested matters or adversary proceedings in that case.  Similarly, the stay does not apply to the proceeding commenced by Montreal Maine & Atlantic Canada Co., MMA's wholly-owned subsidiary, under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, C-36, as amended, currently pending before the Quebec Superior of Justice (Commercial Division), or any matters in that proceeding.

6.      The stay imposed by this Order will terminate on the earlier of (i) the entry of an Order of this Court dissolving the stay, (ii) the final disposition of the appeal taken by the Movants, *inter alia*, of the Section 157(b)(5) Transfer Order currently pending before the United States Court of Appeals for the First Circuit, Case No. 14-1485, and (iii) 30 days after notice is filed on this Court's docket by any of the parties whose express consent the entry of this Order is premised on, provided, however, that termination of the stay pursuant to (iii) of this Paragraph shall be without prejudice to the rights of any party to seek to re-impose the stay and the Court to grant such request.

7.      Nothing in this Order will prejudice the rights of any person or entity with respect to the contention that some of the Transferred Actions were or were not voluntarily dismissed by the plaintiffs pursuant to Fed. R. Civ. P. 41(a).  All such rights are hereby preserved, but any acts with respect to such rights, if any, are stayed as set forth above.

Dated: June 17, 2014                    /s/Nancy Torresen
                                        Nancy Torresen
                                        United States District Judge