UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

In re:

MONTREAL MAINE & ATLANTIC RAILWAY, LTD.

1:13-mc-00184-NT
1:14-cv-00071-NT
1:14-cv-00113-NT
through and including
1:14-cv-00130-NT
1:15-cv-00250-NT

**STIPULATED SECOND AMENDED AND RESTATED ORDER
STAYING PROCEEDINGS PENDING APPEAL IN 1:13-mc-00184-NT**

This matter having come before the Court on the *Joint Motion of Annick Roy (O/B/O Jean-Guy Veilleux), Marie-Josee Grimard (O/B/O Henriette Latulippe), the Trustee, and Counsel to the Plaintiffs for Second Amended and Restated Order Modifying Consent Order Staying Proceedings Pending Appeal in 1:13-mc-00184-NT* (the "Motion"), filed by Annick Roy (o/b/o Jean-Guy Veilleux), Marie-Josee Grimard (o/b/o Henriette Latulippe) and Robert J. Keach, the chapter 11 trustee of Montreal Maine & Atlantic Railway, Ltd. (the "Trustee") in case 1:13-mc-00184-NT, seeking entry of an order modifying the *Consent Order Staying Proceedings Pending Appeal in 1:13-mc-00184-NT* [D.E. 253] ("Original Stay Order"); and the Court having entered the *Order Amending and Restating Consent Order Staying Proceedings Pending Appeal in 1:13-mc-00184-NT* [D.E. 277] (the "Amended Stay Order") on March 23, 2015; and plaintiffs Annick Roy (o/b/o Jean-Guy Veilleux) and Marie-Josee Grimard (o/b/o Henriette Latulippe) having filed a notice on May 7, 2015 purporting to terminate the stay imposed by the Amended Stay Order [D.E. 280], effective thirty days after the filing of such notice; and the Official Committee of Victims appointed in the chapter 11 case in which Montreal Maine & Atlantic Railway, Ltd. ("MMA") is a debtor pending in the United States Bankruptcy Court for the

1

District of Maine having filed a motion partially opposing the termination of the stay imposed by the Amended Stay Order [D.E. 282] (the "OVC Motion"); and the Trustee and plaintiffs Annick Roy (o/b/o Jean-Guy Veilleux) and Marie-Josee Grimard (o/b/o Henriette Latulippe) having filed responses to the OVC Motion; and due and appropriate notice of the foregoing pleadings having been given; and the Court having reviewed the foregoing pleadings and having held a hearing on the OVC Motion on June 4, 2015; and the OVC Motion having been denied on the merits; the undersigned parties in interest hereby **STIPULATE**, and the Court hereby **ORDERS**, **ADJUDGES**, and **DECREES**, that:

1. All of the civil actions transferred to this Court pursuant to the Court's *Order on Motions to Transfer Cases and Motion to Strike* [D.E. 100] (the "Section 157(b)(5) Transfer Order"), and all proceedings therein, are hereby stayed against all existing and future defendants as set forth in this Stipulated Order.  The civil actions subject to this stay (the "Transferred Actions") are the civil actions pending in this Court with docket numbers 1:14-cv-00071, 1:14-cv-00113-NT and 1:13-cv-00184-NT, as well as the following civil actions the ("Disputed Actions") that plaintiffs allege have been dismissed without prejudice but as to which some defendants maintain have not been dismissed, with the following assigned docket numbers:

|                 |                 |
|-----------------|-----------------|
|                 | 1:14-cv-00122-NT |
| 1:14-cv-00114-NT | 1:14-cv-00123-NT |
| 1:14-cv-00115-NT | 1:14-cv-00124-NT |
| 1:14-cv-00116-NT | 1:14-cv-00125-NT |
| 1:14-cv-00117-NT | 1:14-cv-00126-NT |
| 1:14-cv-00118-NT | 1:14-cv-00127-NT |
| 1:14-cv-00119-NT | 1:14-cv-00128-NT |
| 1:14-cv-00120-NT | 1:14-cv-00129-NT |
| 1:14-cv-00121-NT | 1:14-cv-00130-NT |

By agreement with the plaintiff in <u>Grimard v. Western Petroleum Company</u> (which case was transferred pursuant to the Section 157(b)(5) Transfer Order, although the physical file has not been transferred by the Clerk of the Circuit Court of Cook County (Illinois)), that case is also subject to the stay contained in this Stipulated Order.

2.  As of June 17, 2014 (the date the Original Stay Order was entered on the docket in this case), all deadlines applicable to the Transferred Actions, whether imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Maine, any applicable state rules of civil procedure, or by applicable law, shall be tolled until the Termination Date (as defined in Paragraph 5 hereof).  Upon the Termination Date, the parties to the Transferred Actions shall confer upon an appropriate scheduling order.  For the avoidance of doubt, the stay imposed by the Stipulated Order is for procedural purposes only and shall not affect the substantive rights of any parties to the Transferred Actions.

3.  Without limiting the foregoing, during the stay imposed by this Stipulated Order:

   a. the Court will not rule on the pending *Motion of Wrongful Death Claims for Mandatory Abstention* [D.E. 227], filed on or about April 4, 2014.

   b. All pleadings and papers relating to this Order, or its termination, shall be filed and docketed in all of the Transferred Actions, *provided, however,* that nothing in this Order, or the filing of any pleadings or papers in the Disputed Actions as required by this Order, (i) shall adversely affect plaintiffs with respect to the propriety of Illinois or Texas as a proper forum for the determination of any wrongful death or other claims against any party other than MMA arising from the Derailment, (ii) shall be a factor in support of any request by any party to transfer venue from Illinois or Texas courts to a court in another jurisdiction based upon *forum non conveniens* or any other theory or principle of law or equity, or (iii) shall adversely affect plaintiffs' position and assertion that the Disputed Actions have been dismissed pursuant to Fed.R.Civ.P. 41 and are not pending in this Court.

   c. Plaintiff's counsel may represent parties in newly commenced or existing cases (such as the <u>Grimard</u> case referenced above) related to the Derailment against any or any subset of the current defendants in the Transferred Actions and any new defendants, including, without limitation, any Settling Agreement Signatories (as defined below) (the "<u>New Cases</u>"), <u>provided</u>, <u>however</u>, that plaintiffs' counsel

shall, and hereby covenant and agree that they shall, as soon as reasonably practicable following entry of this Order and service of the complaints as provided below, file a motion seeking the entry of an order in such New Cases staying all proceedings therein (except with respect to the Transferred Actions, in which event motions have been filed seeking leave to amend the complaints in such Transferred Actions, and the stay shall become effective as to such Transferred Actions immediately after filing and service of the amended complaints) against any and all of the persons or entities listed on Schedule A to this Stipulated Order (each a "Settlement Agreement Signatory" and, collectively, the "Settlement Agreement Signatories"), on the same terms as this Stipulated Order. Unless any such undersigned defendant's counsel notifies Plaintiffs' counsel to the contrary in writing within three (3) business days of the entry of this Stipulated Order in which case service shall be under any applicable procedure, the undersigned defendants' counsel agree to accept service of process on behalf of their respective client(s) in any Transferred Cases or New Cases, and service shall be made upon such defendants only by service upon such undersigned counsel. Acceptance of service hereunder shall not constitute consent to jurisdiction (whether personal, subject matter or otherwise), waiver of any challenge to jurisdiction (whether personal, subject matter or otherwise) and shall not waive any claim or defense other than sufficiency of service of process, and is in all respects subject to the provisions of this Stipulated Order.

d. With respect to the Transferred Actions in which Plaintiff has moved for leave to amend the complaints, if such leave is granted, then the stay imposed by the Stipulated Order shall become effective immediately (as to such Settlement Agreement Signatory) after filing and service of the amended complaint(s) upon any Settlement Agreement Signatory.

e. Nothing herein shall prejudice (i) the rights (if any) of parties in the New Cases to file motions, pleadings, oppositions or other documents in the courts in which the New Cases are commenced, subject, however, to Paragraphs 3(f), 7 and 8 hereof and the terms of the stay orders entered in any New Cases; (ii) the right of the Trustee to seek or any other party to oppose or support confirmation of a chapter 11 plan ("Plan") in the Chapter 11 Case, as defined below, on any grounds, including, without limitation, a Plan that purports to enjoin the prosecution of New Cases or release any of the defendants in New Cases; and (iii) the right of any party or entity to seek, and the right of any party to oppose or support, an order under 11 U.S.C. §§1507, 1519, or 1521, or otherwise under standards of international comity, which order recognizes and enforces any order issued in the CCAA proceedings of Montreal Maine & Atlantic Canada Co. which provides for releases of settling defendants and/or a permanent injunction against suits against settling defendants and other persons as to any and all claims arising out of or related to the Derailment. Subject to the terms and conditions of this Stipulated Order, and each of the stay orders entered in any New Cases, all parties shall also retain all rights with respect to any and all disputes regarding whether any of the New Cases should be transferred to this Court, and all such rights are reserved pending this Court's determination of any such dispute that may arise.

    f.   The parties hereby covenant and agree that the 30 day removal period as to the New Cases filed in a state court shall not begin to run until the stay contemplated in this stipulation is lifted. Plaintiffs' counsel hereby covenant and agree that any and all removal petitions filed in the New Cases shall not be untimely solely because such petitions were not filed prior to entry of a stay order pursuant to this stipulated order. Each of the Parties shall, and hereby covenants and agrees that it shall, prior to the Termination Date, stand still and not take any action in the Transferred Actions or in any New Cases that is contrary to the provisions of this Stipulated Order. Plaintiffs' counsel hereby covenant and agree that the period from the date of this Stipulated Order until the termination of the stay shall not be included in the calculation of the time period for the filing of any removal petition. Plaintiffs' counsel hereby further waive the right to challenge any removal petition on the grounds of untimeliness based in any part on the period prior to the termination of the stay.

    g.   In the event a New Case is dismissed by a court sua sponte for want of prosecution during the period of the stay, Defendants will not oppose reinstatement of the New Case during or within 30 days after expiration of the stay without waiving any other defense or counterclaim that may be asserted in the New Case.

    h.   Upon the entry of this Stipulated Order, with respect to any New Cases and the Transferred Actions (including the Disputed Actions), (i) any and all deadlines and other applicable time-related limitations, whether imposed by the Federal Rules of Civil Procedure, the Local Rules of any applicable United States District Court, any applicable state rules of civil procedure, or by applicable law, shall be tolled during the pendency of the stay orders entered in the Transferred Actions, the Disputed Actions and/or the New Cases under Paragraph 3(c) through and until the "Tolling Date," which shall be 30 days after the Termination Date.

4.    The stay imposed by this Stipulated Order only applies to the Transferred Actions, the Disputed Actions (if applicable) and, with respect to Settlement Agreement Signatories, to the extent set forth above to any New Cases that might be brought against any Settlement Agreement Signatory. For avoidance of doubt, the stay imposed by this Order does not apply (i) to any proceedings or contested matters in the underlying chapter 11 bankruptcy case of MMA currently pending before the United States Bankruptcy Court for the District of Maine (the "Chapter 11 Case"), (ii) to any contested matters or adversary proceedings in the Chapter 11 Case, or (iii) to the proceeding commenced by Montreal Maine & Atlantic Canada

5

Co., MMA's wholly-owned subsidiary ("MMAC"), under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, C-36, as amended, currently pending before the Quebec Superior of Justice (Commercial Division) (the "Canadian Case"), or any matters in that proceeding. Without limiting the foregoing, nothing in this Stipulated Order shall limit in any way the ability of the Trustee, MMAC, or the monitor in the Canadian Case from proposing, and any other party from supporting or objecting, in connection with a Plan or in the Canadian Case, that the prosecution of the Transferred Actions, the Disputed Actions and/or the New Cases be permanently enjoined and that any or all of the defendants in such cases be released from any and all claims held by any or all of the plaintiffs in such cases or held or asserted by any other persons or entities.

5.  The stay imposed by, and the undertakings set forth in, this Stipulated Order shall terminate on the earlier of (i) the Effective Date of the Plan proposed in the Chapter 11 Case and the Implementation Date of the Plan proposed in the Canadian Case (as those terms are defined therein) or (ii) September 30, 2015 (the "Termination Date"); provided, however, that if the order confirming (or denying confirmation of) the Plan proposed in the Chapter 11 Case has not been entered by the Bankruptcy Court and/or has not become final and nonappealable prior to September 30, 2015, then the stay will remain in place until such order confirming the plan has been finally adjudicated, including by the exhaustion of all appeals from such order confirming (or denying confirmation of) such Plan, or the Chapter 11 Case has been dismissed.

6.  With respect to the Transferred Actions and New Cases that are not already barred by the applicable statute of limitations as of entry of the Original Stay Order, any and all applicable statutes of limitations (including as to claims that could be asserted by any defendant) shall be and hereby are tolled during the pendency of the stay orders entered in each of the

Transferred Actions and New Cases under Paragraph 3(c) through and until the Tolling Date. This Order shall be binding upon the plaintiffs in the Transferred Actions and the New Cases, the Trustee, the Settlement Agreement Signatories, all other Defendants in the New Cases and the Transferred Actions and their affiliates, Canadian Pacific Railway Company and its affiliates, and any and all other persons with notice of this Order.  With respect to all of the Transferred Actions (including, without limitation, in the Disputed Actions if the Disputed Actions are determined not to have been dismissed or are reinstated on the docket of this Court), the plaintiffs shall be and hereby are granted leave to amend their respective complaints retroactively *nunc pro tunc* as of the date of entry of this Order to add parties and claims related to the Derailment, provided, however, that nothing in this subparagraph shall resurrect any cause of action already barred by any applicable statute of limitations prior to the date of the entry of the Original Stay Order (and not taking into account any applicable tolling agreements set forth herein).

7. Nothing in this Stipulated Order shall be deemed to prejudice or otherwise affect the rights, claims, defenses and/or remedies that any party has or may have with respect to the amount, allowance, enforceability and/or priority of any attorneys' fees of any counsel in connection with the Derailment, nor shall anything in this Stipulated Order be deemed to prejudice or otherwise affect the removability of the Transferred Actions (including the Disputed Actions) or the New Cases, or dismissal based on *forum non conveniens*.

8. The Parties acknowledge and agree that they will not at any time claim in any proceeding (or otherwise) that any action undertaken by a Settlement Agreement Signatory with respect to this Stipulated Order or the stay orders in the Transferred Actions, Disputed Actions and/or the New Cases constitutes a submission of that Settlement Agreement Signatory to

personal jurisdiction in the Transferred Actions, the Disputed Actions, the New Cases, and/or any other action relating to the Derailment filed in any court in the United States. Moreover, the consent to this Stipulated Order (and any of the stay orders contemplated herein), as well as any action undertaken pursuant to such orders, shall not constitute (i) the entry of an appearance by such Settlement Agreement Signatory; (ii) the consent to jurisdiction with respect to any such Settlement Agreement Signatory in any Court; or (iii) the waiver or relinquishment of any claims or defenses with respect to the Transferred Actions, the Disputed Actions, the New Cases and/or any other action related to the Derailment filed in any court in the United States.

9. The Court has and shall retain jurisdiction to hear and determine any and all disputes arising from or relating to the interpretation, implementation and/or enforcement of this Stipulated Order.

10. The consent to this Stipulated Order by those parties to Settlement Agreements who are _not_ parties to the Transferred Actions (including the Disputed Actions) shall not constitute: (i) the entry of an appearance by such parties in the Transferred Actions (including the Disputed Actions) or the New Cases; (ii) the consent or submission to this Court's jurisdiction with respect to any such parties to Settlement Agreements or (iii) or the waiver or relinquishment of any claims or defenses with respect to the Transferred Actions (including the Disputed Actions)  the New Cases and/or any other action related to the Derailment filed in any court in the United States.

Dated:  July 24, 2015              /s/ John C. Nivison
                                   Honorable John C. Nivison
                                   United States Magistrate Judge


The below signatures of counsel for the Settlement Agreement Signatories represents the consent of the Settlement Agreement Signatories, as well as their respective subsidiaries, affiliates and

8

other related business entities as set forth in Schedule A, to the relief sought herein, subject to the specific terms, conditions and limitations set forth above.

**DEVLAR ENERGY MARKETING LLC, LARIO OIL & GAS COMPANY and DEVO TRADING & CONSULTING COMPANY**

*/s/ Steven E. Cope*
Steven E. Cope, Esq.
COPE LAW FIRM
One William Street
P.O. Box 1398
Portland, Maine 04104
Tel: (207) 772-7491

**OASIS PETROLEUM INC., AND OASIS PETROLEUM LLC**

*/s/ Kelley Friedman*
Kelley Friedman, Esq.
Randy L. Fairless, Esq.
JOHANSON & FAIRLESS, L.L.P.
1456 First Colony Blvd.
Sugar Land, Texas 77479
Tel: (281) 313-5000

**INLAND OIL & GAS CORPORATION, WHITING PETROLEUM CORPORATION, ENERPLUS RESOURCES (USA) CORPORATION, HALCÓN RESOURCES CORPORATION, TRACKER RESOURCES, KODIAK OIL & GAS CORP. (N/K/A WHITING CANADIAN HOLDING COMPANY, ULC), AND GOLDEN EYE RESOURCES LLC**

*/s/ Kelley Friedman*
Kelley Friedman, Esq.
Randy L. Fairless, Esq.
JOHANSON & FAIRLESS, L.L.P.
1456 First Colony Blvd.
Sugar Land, Texas 77479
Tel: (281) 313-5000

**ARROW MIDSTREAM HOLDINGS CCC**

*/s/ Mark W. Zimmerman*
Mark W. Zimmerman, Esq.
Elizabeth T. Jozefowicz, Esq.
CLAUSEN MILLER P.C.
10 South LaSalle
Chicago, Illinois 60603
Tel: (312) 855-1010

**MARATHON OIL COMPANY**

*/s/ Sarah R. Borders*
Tracie J. Renfroe, Esq.
Sarah R. Borders, Esq.
KING & SPALDING LLP
1100 Louisiana Street
Suite 400
Houston, Texas 77003
Tel: (713) 751-3214

**QEP RESOURCES, INC.**

*/s/ Jeremy R. Fischer*
Jeremy R. Fischer, Esq.
DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, Maine 04101
Tel: (207) 772-1941

**SLAWSON EXPLORATION COMPANY, INC.**

*/s/ Steven E. Cope*
Steven E. Cope, Esq.
COPE LAW FIRM
One William Street
P.O. Box 1398
Portland, Maine 04104
Tel: (207) 772-7491

**EDWARD A. BURKHARDT, LARRY PARSONS, STEVEN J. LEE, STEPHEN ARCHER, ROBERT C. GRINDROD, JOSEPH C. MCGONIGLE, GAYNOR RYAN, DONALD GARDNER, JR., IN THEIR CAPACITY AS DIRECTORS AND OFFICERS OF MMA AND MMAC, MONTREAL, MAINE & ATLANTIC CORPORATION and/or LMS ACQUISITION CORPORATION**

*/s/ Patrick C. Maxcy*
Patrick C. Maxcy, Esq.
DENTONS US LLP
233 South Wacker Drive Suite 5900
Chicago, Illinois 60606
Tel: (312) 876-2810


**HARTFORD CASUALTY INSURANCE COMPANY**

*/s/ William D. Goddard*
William D. Goddard, Esq.
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103
Tel: (860) 275-0117


**RAIL WORLD HOLDINGS LLC, RAIL WORLD, INC., RAIL WORLD LOCOMOTIVE LEASING LLC, THE SAN LUIS CENTRAL R.R. CO., PEA VINE CORPORATION, LMS ACQUISITION CORPORATION, MMA CORPORATION, and EARLSTON ASSOCIATES L.P.**

*/s/ Patrick C. Maxcy*
Patrick C. Maxcy, Esq.
DENTONS US LLP
233 South Wacker Drive Suite 5900
Chicago, Illinois 60606
Tel: (312) 876-2810

11

**GENERAL ELECTRIC RAILCAR SERVICES CORPORATION, GENERAL ELECTRIC COMPANY**

*/s/ Jeffrey C. Steen*
Jeffrey C. Steen, Esq.
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Tel: (312) 853-7824


**TRINITY INDUSTRIES, INC., TRINITY INDUSTRIES LEASING COMPANY, TRINITY TANK CAR, INC., TRINITY RAIL GROUP LLC, RIV 2013 RAIL HOLDINGS LLC, and TRINITY RAIL LEASING WAREHOUSE TRUST**

*/s/ Jennifer A. Kenedy*
Jennifer A. Kenedy, Esq.
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 443-0377

**TRINITY RAIL LEASING 2012 LLC**

*/s/ D. Ferguson McNiel*
D. Ferguson McNiel, Esq.
VINSON & ELKINS LLP
1001 Fannin Street
Suite 2500
Houston, Texas 77002
Tel: (713) 758-3882


**UNION TANK CAR COMPANY, THE UTLX INTERNATIONAL DIVISION OF UTCC, THE MARMON GROUP LLC, and PROCOR LIMITED**

*/s/ James K. Robertson, Jr.*
James K Robertson, Jr., Esq.
CARMODY TORRANCE SANDAK & HENNESSEY LLP
50 Leavenworth Street
Waterbury, Connecticut 06721
Tel: (203) 575-2636


**FIRST UNION RAIL CORPORATION**

*/s/ Robert C. Bowers*
Robert C. Bowers, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street
Suite 4700
Charlotte, North Carolina 28202
Tel: (704) 331-3560

**CIT GROUP, INC.**

*/s/ Debra A. Dandeneau*
Debra A. Dandeneau, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York. 10153
Tel: (212) 310-8541

**CONOCOPHILLIPS COMPANY**

*/s/ Julie Hardin*
Julie Hardin, Esq.
REED SMITH LLP
811 Main Street, Suite 1700
Houston, Texas 77002
Tel: (713) 469-3813


**SHELL OIL COMPANY, AND
SHELL TRADING (US) COMPANY**

*/s/ Omar J. Alaniz*
William K. Kroger, Esq.
Omar J. Alaniz, Esq.
BAKER BOTTS LLP
2910 Louisiana Street
Houston, Texas 77002
Tel: (713) 229-1378


**INCORR ENERGY GROUP LLC**

*/s/ Timothy A. Davidson*
Timothy A. Davidson II, Esq.
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Tel: (713) 220-4200


**ENSERCO ENERGY, LLC**

*/s/ Julie Hardin*
Julie Hardin, Esq.
REED SMITH LLP
811 Main Street, Suite 1700
Houston, Texas 77002
Tel: (713) 469-3813

**WORLD FUEL SERVICES CORPORATION, WORLD FUEL SERVICES, INC., WORLD FUEL SERVICES CANADA, INC., PETROLEUM TRANSPORT SOLUTIONS, LLC, WESTERN PETROLEUM COMPANY, STROBEL STAROSTKA TRANSFER LLC, DAKOTA PLAINS MARKETING LLC, DAKOTA PLAINS HOLDINGS, INC., DPTS MARKETING INC., DAKOTA PLAINS TRANSLOADING LLC, and DAKOTA PETROLEUM TRANSPORT SOLUTIONS LLC**

*/s/ Leslie M. Smith*
Leslie M. Smith, Esq.
Adam Paul, Esq.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000


**SMBC RAIL SERVICES, LLC f/k/a FLAGSHIP RAIL SERVICES, LLC**

*/s/ Susan Gummow*
Susan Gummow, Esq.
FORAN GLENNON
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel: (312) 863-5055